UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  No.  4:12 CR 375 CDP |
| | ) |
| REGINALD FARMER, | ) |
| | ) |
|     Defendant. | ) |

**UNITED STATES OF AMERICA'S THIRD MOTION IN LIMINE FOR
ADMISSION OF OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

COMES NOW the United States of America, and moves this Court *in limine* to admit at trial evidence of other crimes, wrongs, or acts of defendant Reginald Farmer ("Defendant" or "Farmer"), pursuant to Federal Rule of Evidence 404(b). In support of its motion, the United States of America states as follows:

## I.  INTRODUCTION

The United States has given notice to Defendant, by letter dated April 1, 2013, and copied to the Court, that it intends to offer evidence at trial regarding prior crimes, wrongs, or acts of Defendant. In this notice, the United States outlined the Rule 404(b) evidence that it intends to introduce at trial. Specifically, the United States seeks to present evidence regarding Defendant's convictions in the St. Louis City, Missouri, Circuit Court, Case Number 0722-CR09053-01, for possession of controlled substances (cocaine base and hydrocodone), occurring on September 28, 2007, as reflected in St. Louis Metropolitan Police Department ("SLMPD") Incident Report 07-071723.[1]

---

[1] In addition to the aforementioned convictions, Defendant also has been convicted of stealing (two convictions), assault third degree (two convictions), trafficking in drugs second degree (two convictions), possession of a controlled substance (three convictions), unlawful use of a weapon, driving while license suspended, and being a felon in possession of a firearm. The United States will not seek to introduce this evidence in its case-in-chief pursuant to Federal Rule of Evidence 404(b). Nevertheless, the United States may seek to introduce evidence of these convictions and arrests and the facts and circumstances surrounding such convictions and arrests under other theories of evidence, if necessary.

## II.   FACTS

**A.   The Charged Offenses.**

On April 10, 2013, a Federal Grand Jury returned a five-count superseding indictment charging Defendant with (1) distributing 28 grams or more of cocaine base on October 10, 2012, in violation of 21 U.S.C. § 841(a)(1) (Count One); (2) possessing with intent to distribute a quantity of cocaine base on October 10, 2012, in violation of 21 U.S.C. § 841(a)(1) (Count Two); (3) possessing marijuana on October 10, 2012, in violation of 21 U.S.C. § 844(a) (Count Three); (4) possessing marijuana on September 15, 2011, in violation of 21 U.S.C. § 844(a) (Count Four); and (5) possessing marijuana on September 22, 2012, in violation of 21 U.S.C. § 844(a) (Count Five).

At trial, the United States intends to present the following, among other, evidence:

**1.   Count Four: Possession of Marijuana on September 15, 2011.**

On September 15, 2011, St. Louis County Police Department ("SLCPD") Officer Machens conducted a traffic stop of Defendant's Chevrolet truck after observing that the truck was not properly equipped with a rear license plate lamp. While standing near the driver's side window, Officer Machens detected the strong odor of marijuana emanating from within Defendant's vehicle. At Officer Machens' request, Defendant provided his driver's license, but was unable to supply his insurance card. Defendant was asked to exit his truck. A search of Defendant's person revealed an orange pill bottle containing two plastic bags of marijuana.[2]  Defendant, thereafter, was arrested.

Upon notification that his truck would be towed, Defendant verbally assaulted Officer Machens, stating, among other things, "I am going to catch you while you're grocery shopping and

---

[2] The suspected marijuana seized from Defendant was submitted to and analyzed by an expert criminalist with the SLCPD Crime Laboratory. The substance was confirmed to be marijuana, having a net weight of 4.11 grams.

blow your [expletive] head off!" Defendant then was transported to the Jennings Police Department, and his truck was towed.

> 2. **Counts One, Two, and Three: Distribution of 28 Grams or More of Cocaine Base, Possession with Intent to Distribute Cocaine Base, and Possession of Marijuana on October 10, 2012**.

On February 8, 2012, members of the Drug Enforcement Administration ("DEA") Task Force Group 33 and North County MEG unit conducted surveillance in the area of Home Decor in Hazelwood, Missouri. During the surveillance, officers observed the driver of a Chevrolet Impala, later identified as Darrick Ward ("Ward"), pull into a parking space on the Home Decor parking lot. Officers observed Ward exit his vehicle carrying a large amount of U.S. currency in his hand and approach the driver of a Chevrolet truck, later identified as Defendant, who had parked in the Home Decor parking lot shortly after Ward. Officers observed Ward hand Defendant the cash and Defendant hand Ward a large, clear plastic bag containing what appeared to be cocaine base.

After the exchange, officers observed Defendant look at the passenger in his truck, later identified as Tony Harmon ("Harmon"), and point to the undercover vehicle. Defendant and Harmon then went into Home Decor.

Ward's vehicle subsequently was pulled over shortly after he pulled out of the Home Decor parking lot. A search of Ward revealed cocaine base in Ward's jacket pocket. When asked why he gave Defendant so much cash, Ward stated, "I am going to prison for twenty years. I gave her the dope. It's in her pants." A search of Gordon revealed a plastic bag containing cocaine base hanging from her waistband.[3]

---

[3] The suspected narcotics seized from Ward and Gordon were submitted to and analyzed by an expert criminalist with the DEA. The substance was confirmed to be cocaine base (crack), having a net weight of 31.1 grams.

Detective Counterman then responded back to the Home Decor, where DEA task force officers were conducting surveillance of Defendant's vehicle.  Officers observed Defendant and Harmon exit Home Decor and walk toward Defendant's truck.  Officers contacted both Defendant and Harmon and advised them of the suspicious activity the officers observed.  While speaking with Defendant, officers smelled the odor of marijuana emanating from inside the truck.  When asked if he had been smoking marijuana inside his vehicle, Defendant responded that he and Harmon had smoked marijuana on their way to Home Decor.  Officers then requested a K-9 unit who positively alerted to the odor of narcotics in the center console. A search of the center console revealed a large amount of U.S. currency and an orange pill bottle containing six bags of cocaine base and five bags of marijuana, all of which was seized.[4]

Defendant, thereafter, was placed under arrest. A search incident to arrest of Defendant revealed a large amount of U.S. currency in Defendant's right front pocket.[5]

Defendant was transported to the Hazelwood Police Department and placed in an interview room.  As Officer Counterman entered the interview room, Defendant asked why he was being arrested.  Officer Counterman advised Defendant he was being arrested for possession of controlled substances to which Defendant responded that that was just his "smoke" in the vehicle.  Defendant was re-advised of his *Miranda* rights, but declined to make any further statements.

### 3.  Count Five:  Possession of Marijuana on September 22, 2012.

On September 22, 2012, SLCPD Officer Robert Kircher conducted a traffic stop of

---

[4]The suspected narcotics seized from Defendant's vehicle also were submitted to and analyzed by an expert criminalist with the DEA.  The substances were confirmed to be cocaine base (crack), having a net weight of 4.1 grams, and marijuana, having a net weight of 3.0 grams.

[5]A total of $3,246.00 was seized from Defendant and his vehicle, which also was seized.

Defendant after a record check revealed that the license plate on the vehicle he was driving belonged to a different vehicle. Upon approaching the vehicle, Officer Kircher observed Defendant's nervous behavior and the odor of marijuana emanating from within the vehicle. Officer Kircher asked Defendant why he did not pull over right away. Defendant responded, "I'm just on my way home. Please don't do this to me." Defendant was asked to exit the vehicle.

A search of Defendant's person revealed a large object in the front of his waistband. Believing Defendant may be concealing a weapon, Officer Kircher attempted to place Defendant in handcuffs at which point Defendant fled on foot. Defendant was apprehended after a foot pursuit. A search of Defendant revealed a small, clear plastic bag containing marijuana in his pants pocket. Another small, clear plastic bag containing marijuana was seized from the ashtray of Defendant's vehicle.[6]

B.   **Convictions For Possession of Cocaine Base and Hydrocodone.**

If permitted at trial, the United States will present evidence that Defendant previously pleaded guilty in the St. Louis City Circuit Court, Case Number 0722-CR09053-01, to possession of cocaine base (crack) and hydrocodone. The factual events surrounding these convictions are as follows:

On September 28, 2007, SLMPD officers conducted a traffic stop of Defendant's vehicle after observing Defendant fail to signal while making a turn onto Sherry Avenue in the City of St. Louis, Missouri. Defendant was placed under arrest for operating the vehicle with a revoked driver's license. An inventory search of the vehicle revealed two individually wrapped chunks of cocaine base and one individually wrapped hydrocodone pill.

---

[6] The suspected marijuana seized from Defendant and his vehicle was submitted to and analyzed by an expert criminalist with the SLCPD Crime Laboratory. The substance was confirmed to be marijuana, having a total net weight of 2.51 grams.

### III.   ARGUMENT

Defendant's convictions in 2009 for possession of cocaine base and hydrocodone are relevant to and probative of material issues in this case.  They also are supported by sufficient evidence and similar in kind and not overly remote to the instant charges.  Accordingly, Defendant's prior convictions for possession of cocaine base and hydrocodone should be admitted pursuant to Rule 404(b).

Evidence of other crimes, wrongs, or acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005).  "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Shoffner*, 71 F.3d 1429, 1431 (8th Cir. 1995); *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994); *see also United States v. Thomas,* 593 F.3d 752, 757 (8th Cir. 2010) (holding "evidence offered for permissible purposes is presumed admissible absent a contrary determination"); *United States v. Foster*, 344 F.3d 799, 801 (8th Cir. 2003) ("Rule 404(b) is a rule of inclusion; assuming that the other tests for admissibility are satisfied, evidence of a prior crime should be excluded only if its sole relevance goes to the character of the defendant.").

In other words, Rule 404(b) evidence is inadmissible "only when such evidence clearly [has] no bearing on the case and [is] introduced solely to prove the defendant's propensity to commit criminal acts." *Foster*, 344 F.3d at 801 (quoting *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002)).  It is well-established that evidence of other crimes, wrongs, or acts properly is admitted when:

(1) it is relevant to a material issue;

(2) it is similar in kind and not overly remote in time to the crime charged;

(3) it is supported by sufficient evidence; and

(4) its potential prejudice does not substantially outweigh its probative value.

See *Walker*, 428 F.3d at 1169; *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005); *United States v. Oates*, 173 F.3d 651, 659 (8th Cir. 1999).

### A.     Relevance To A Material Issue.

First, evidence regarding Defendant's prior drug related convictions is relevant to several material issues set forth in Rule 404(b), including knowledge, opportunity, intent, and absence of accident or mistake, all of which are essential in proving elements of the United States' case. As a result, evidence of Defendant's prior possession of controlled substances is admissible for a purpose other than proving his past bad character and his present conformance therewith.

It is well-settled that knowledge and intent are material issues in cases involving distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), and that evidence of other acts is generally admissible to establish those elements. *See Thomas*, 593 F.3d at 758; *see also United States v. Foster*, 344 F.3d at 801 (finding that a general denial defense "plac[es] intent or state of mind into question and allow[s] the admission of prior criminal convictions to prove both knowledge and intent"). Indeed, the United States Court of Appeals for the Eighth Circuit has "frequently upheld the admission of prior drug convictions for the purpose of proving intent and knowledge where the defendant denied the charged drug offense." *United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008); *see also United States v. Bohmont*, 413 Fed. Appx. 946, 957 (8th Cir. 2011). Furthermore, "the drugs involved in the prior convictions need not be the same as those involved in the charged offense to be relevant to a defendant's knowledge and intent to distribute controlled substances." *Bohmont*, 413 Fed. Appx. at 957; *see also United States v. Gaddy*, 532 F.3d 783, 789-90 (8th Cir. 2008) (holding past conviction for distributing marijuana admissible to show intent and knowledge in charge for distributing cocaine).

7

Here, Defendant has pleaded not guilty and generally denied participation in the charged crimes. As a result, the United States is required to shoulder the burden of introducing proof beyond a reasonable doubt of every element of the charged offenses. Accordingly, Defendant's prior drug related convictions are relevant to material issues in this case.

**B.     Similarity and Proximity.**

Second, Defendant's prior convictions have similarities to the crimes for which Defendant now is charged. The convictions also are sufficiently close in time to be admissible under Rule 404(b).

"[P]rior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Walker*, 470 F.3d at 1275 (citation omitted). As for proximity in time, "[t]here is no absolute rule regarding the number of years that can separate offenses" admitted under Rule 404(b). *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006); *see also United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996); *Burkett*, 821 F.2d 1306, 1310 (8th Cir. 1987) ("[T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent."). This is because "[a]lthough proximity in time combined with similarity in type of crime virtually guarantees admittance of prior bad acts evidence, these are only factors" useful for evaluating "[t]he ultimate question . . . whether the evidence is admissible to prove any relevant issue other than the character of the defendant or his propensity toward criminal activity." *Thomas*, 593 F.3d at 758 (quoting *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.) (citations and quotations omitted), *cert. denied* 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990)). "Where the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by an enormous lapse of time." *Thomas,* 593 F.3d at 758 (citations and quotations omitted).

Here, the other acts are not only similar, but also occurred in close proximity to the instant offense. Defendant's prior convictions arise out of his possession of cocaine base– the same

8

controlled substance Defendant is charged with distributing and possessing with intent to distribute in this case– and hydrocodone. Defendant also is charged with possessing another controlled substance, *i.e.*, marijuana. Certainly, Defendant's prior convictions for possession of cocaine base (crack) and hydrocodone are sufficiently similar to support an inference of Defendant's distribution of and possession with intent to distribute cocaine base (crack) and possession of marijuana in this case.

As for proximity in time, only four years elapsed between Defendant's arrest in 2007 for possession of cocaine base and hydrocodone and his first arrest in this case in 2011. His other two arrests occurred shortly thereafter in 2012.

**C.** **Sufficiency of the Evidence.**

Third, the circumstances of Defendant's prior convictions will be proven by sufficient evidence. The United States will present a certified record and/or the testimony of an eyewitness, *i.e.*, the arresting police officer, to prove each of the convictions. It is well-established in this Circuit that certified court records are sufficient to prove a defendant's prior convictions. *See Ruiz-Estrada*, 312 F.3d at 403-04; *United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997).

**D.** **Potential Prejudice Does Not Outweigh Probative Value.**

Finally, the Eighth Circuit and this Court repeatedly have held in cases such as this that the potential prejudice from evidence of a defendant's prior drug related convictions does not substantially outweigh the probative value of such evidence. *See, e.g., Thomas,* 593 F.3d at 759; *Cole*, 537 F.3d at 928 ("We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice.") (citation and internal quotations omitted); *United States v. Cockerham*, 417 F.3d 919, 921 (8th Cir. 2005); *Harris*, 324 F.3d at 607; *United States v. Wesley*, 990 F.2d 360, 366 (8th Cir. 1993); *see also United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).

9

To minimize any prejudice, the United States will not belabor evidence of Defendant's prior possession of controlled substances; will forgo evidence of Defendant's numerous other convictions, including convictions and arrests that involved controlled substances and firearms; and will propose an instruction regarding the limited purposes for which the evidence may be used. This will further ensure that the potential for prejudice of such evidence is not substantially outweighed by its probative value. *United States v. Amendares*, 397 F.3d 653, 662 (8th Cir. 2005); *see also Cockerham*, 417 F.3d at 921; *United States v. Crenshaw*, 359 F.3d 977, 1004 (8th Cir. 2004).

### IV.  CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court grant its third motion *in limine*.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

/s/ Sayler A. Fleming
SAYLER A. FLEMING
PATRICK T. JUDGE
Assistant United States Attorneys
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon all counsel of record.

/s/ Sayler A. Fleming
Assistant United States Attorney